IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE K. PRAGOVICH,** | : | **CIVIL ACTION NO. 1:08-MC-0104** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **INTERNAL REVENUE SERVICE, JOSEPH CONROY,** and **SAM ANDERSON,** | : | |
| Respondents | : | |

**MEMORANDUM**

Presently before the court are the petition to quash third-party summonses (Doc. 1), filed by petitioner George K. Pragovich ("Pragovich"), and the counter-petition to enforce the same summonses, filed by respondents the Internal Revenue Service, Joseph Conroy, and Sam Anderson (collectively "IRS"). For the reasons that follow, the court will grant the IRS's counter-petition and will deny Pragovich's petition to quash.

**I.   Factual Background**

Pragovich seeks to quash two summonses issued by the IRS to Robert W. and Mary H. Rhodes of Mercersburg, Pennsylvania.[1] (See Doc. 1 at 2.) The summonses were among twenty-two issued by the IRS on April 1, 2008 in connection with an

---

[1] In actions to quash third-party summonses, jurisdiction lies in the district where "the person to be summoned resides or is found." 26 U.S.C. § 7609(h)(1). Because both Robert and Mary Rhodes reside in the Middle District of Pennsylvania, this court possesses subject-matter jurisdiction over the instant action.

investigation of Pragovich and his business, the National Justice Center. (See id.; Doc. 8 at 2.) The IRS contends that Pragovich has violated 26 U.S.C. §§ 6700 and 6701 by marketing services and materials that "assist customers in the filing of frivolous lawsuits" to contest their tax liabilities. (Doc. 8 at 2.) Although Pragovich is not an attorney, he allegedly charges $5,000 to initiate frivolous lawsuits and $250 per hour for other legal work. (Id.) The IRS has identified 193 tax protestation lawsuits in the District of Columbia in which Pragovich is believed to be involved. The lawsuits "are filed by plaintiffs from all over the United States, yet they appear to have the same origin as they are identical in format and use practically identical legal arguments." (Id.) Robert and Mary Rhodes filed one of the aforementioned lawsuits. They are believed to be customers of Pragovich. (Id. at 2-3.)

Pragovich received notice of the summonses' issuance on April 3, 2008. (Doc. 1 at 2); see also 26 U.S.C. § 7609(a) (requiring the IRS to notify the taxpayer within three days of the issuance of third-party summonses). He filed the instant action pursuant to 26 U.S.C. § 7609 on April 14, 2008. (See Doc. 1); see also 26 U.S.C. § 7609(b)(2) (giving the taxpayer under investigation "the right to begin a proceeding to quash" a third-party summons). He alleges that the summonses should be quashed because they were issued for the "improper purpose of chilling [his] inseparable First Amendment rights of freedom in speech and press, peaceably to assemble and to petition for redress of grievances." (Doc. 1 at 1.)

## II.  Discussion

Section 7602(a)(2) of Title 26 of the United States Code grants the IRS broad

2

summons authority. See id. (permitting the IRS to summon "any . . . person the Secretary may deem proper"). If the propriety of a summons issued pursuant to 26 U.S.C. § 7602 is challenged, the IRS must establish a *prima facie* case that the summons should be enforced by showing that: (1) the investigation is being conducted for a legitimate purpose, (2) the inquiry is relevant to such purpose, (3) the information sought is not already in the IRS's possession, and (4) the administrative steps required by the tax code have been followed, including notifying the taxpayer in writing that further examination is necessary. United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. Rockwell Int'l, 897 F.2d 1255, 1262 (3d Cir. 1990); see also United States v. Trenk, No. 06-1004, 2007 WL 174327, at *3 (D.N.J. Jan. 22, 2007). "The requisite showing is generally made by affidavit of the agent who issued the summons and who is seeking enforcement." United States v. Garden State Nat'l Bank, 607 F.2d 61, 68 (3d Cir.1979); see also Trenk, 2007 WL 174327, at *3.[2]

Once the government establishes its *prima facie* case, the taxpayer may challenge the summons on any "appropriate ground." Powell, 379 U.S. at 58. "[A]n 'appropriate ground' for challenging the summons exists when the taxpayer disproves one of the four elements of the government's Powell showing, or otherwise demonstrates that enforcement of the summons will result in an abuse of the court's

---

[2] The court notes that if a case has not yet been submitted to the Justice Department for criminal prosecution, a summons is presumptively valid. Garden State Nat'l Bank, 607 F.2d at 67. No such referral has been made in the instant case. (Doc. 8 at 4.)

process." Rockwell, 897 F.2d at 1262.

In the instant case, the IRS properly seeks to establish its *prima facie* case by reliance upon the affidavit of Revenue Agent Joseph Conroy ("Agent Conroy"). With respect to the first two elements of the *prima facie* case, Agent Conroy states that the summonses "were issued in good faith for the purpose of securing information to aid in the investigation" of Pragovich and that the information sought is relevant to that purpose. (Doc. 8 at 4.) The court finds that investigating whether Pragovich is unlawfully marketing tax protestation strategies is a legitimate purpose for issuing third-party summonses and that the information that is likely possessed by Pragovich's customers is certainly relevant to that purpose. Accordingly, the first two elements of the *prima facie* case are satisfied. See Pragovich v. Internal Revenue Serv., No. 08-4017, 2008 WL 2692125, at *1 (C.D. Ill. July 1, 2008) ("The IRS is surely authorized to investigate illegal tax protestor strategies and activities, and the . . . subpoenas at issue in this case are relevant to just such an investigation."); see also Xelan, Inc. v. United States, No. 04-2289, 2004 WL 2486268, at *4 (E.D. Pa. Nov. 3, 2004) (stating that the legitimate purpose element requires "nothing more than that the government's summons must be issued in good faith pursuant to one of the powers granted under 26 U.S.C. § 7602" and that the relevance element requires that the information sought "throw light" upon the matter under investigation). Agent Conroy further states that the IRS is "not already in possession of" the items sought in the third-party summonses. (Doc. 8 at 4.) Because Pragovich offers no evidence to dispute this statement, the third element of the *prima facie* case is

satisfied. See Pragovich, 2008 WL 2692125, at *2 (finding that Agent Conroy's affidavit satisfied the third element of the *prima facie* case); see also Pragovich v. Internal Revenue Serv., No. 08-174, Doc. 17 at 9-10 (D. Haw. June 16, 2008) (same).

With respect to the fourth element of the *prima facie* case, Agent Conroy concedes that the third-party summonses were served via certified mail, which is contrary to the personal service requirement set forth in 26 U.S.C. § 7603(a). (See Doc. 8 at 4); see also 26 U.S.C. § 7603(a) (stating that third-party summonses shall be served "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode"). Agent Conroy certifies that all other administrative steps required by the tax code have been completed. (Doc. 8 at 4.) Despite the technical defect in method of service, the court finds that Pragovich does not possess standing to object to the manner in which the third parties were served. The right to lodge such a challenge rests solely with the third parties themselves. See Pragovich, 2008 WL 2692125, at *2 (citing United States v. Ins. Consultants of Knox, Inc., 187 F.3d 755, 761 (7th Cir. 1999)). Moreover, assuming *arguendo* that Pragovich possessed standing to object to the violation, courts routinely excuse technical violations of the tax code's administrative requirements that occur in good faith and that result in no prejudice the taxpayer. See Pragovich, 2008 WL 2692125, at *2 (citing Ins. Consultants, 187 F.3d at 762); see also Xelan, 2004 WL 1047721, at *4 (providing that where a taxpayer "has received every benefit of an administrative procedure required under the [tax] Code, a failure of the IRS to meet the technical niceties of the statute will not bar enforcement of the summons"). The

defect in service at issue in the instant case is just such a technical violation.  See Pragovich, No. 08-174, Doc. 17 at 10.  All other administrative steps were followed, and Pragovich received proper notification of the summonses' issuance, as evidenced by his ability to file timely the instant lawsuit.  See Wheeler v. United States, 459 F. Supp. 2d 399, 405 (W.D. Pa. 2006) (finding that no prejudice resulted where a taxpayer "was able to timely file a motion to quash the summons notwithstanding" an alleged procedural defect).  Because he was not prejudiced by the technical defect in service, Pragovich cannot now rely on this defect to undermine the fourth element of the *prima facie* case.

Having found that the IRS has met its burden to establish a *prima facie* case of enforceability, the burden shifts to Pragovich to show that enforcement of the summonses would be an abuse of process.  United States v. Cortese, 614 F.2d 914, 919 (3d Cir. 1980).  The taxpayer's burden is a heavy one.  It must be premised upon specific facts and evidence, rather than upon mere legal conclusions.[3]  See Garden State Nat'l Bank, 607 F.2d at 71; see also Wheeler, 459 F. Supp. 2d at 402; Pragovich, 2008 WL 2692125, at *2.  In the action *sub judice*, Pragovich argues that the IRS acted in bad faith "to chill" his First Amendment rights.  Pragovich appears to allege

---

[3] Ordinarily, a taxpayer is entitled to a hearing before the district court orders enforcement of a summons.  Powell, 379 U.S. at 58.  However, absent specific factual allegations in support of his or her arguments, a petitioner's right to a hearing is not triggered.  See Garden State Nat'l Bank, 607 F.2d at 71; see also Wheeler, 459 F. Supp. 2d at 402.  Because Pragovich asserts little more than conclusory legal arguments in support of his position, the court finds that a hearing is unnecessary in the instant case.  See infra at page 7-8.

that the rights of his "clients" to file tax protestation lawsuits have been infringed by the summonses. However, the court finds that Pragovich does not possess standing to assert the constitutional rights of his clients. See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., ___ U.S. ___, 128 S. Ct. 2531, 2544 (2008) (stating that a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); see also Pragovich, 2008 WL 2692125, at *2 ("I seriously doubt that Pragovich can raise the constitutional rights of [his clients].").

Assuming *arguendo* that Pragovich intends to assert a violation of his own First Amendment rights in connection with his business, the violations would relate to "commercial speech," which has been defined as "expression related solely to the economic interests of the speaker and its audience." Cent. Hudson & Elec. Corp. v. Public Serv. Comm'n of N.Y., 447 U.S. 557, 561 (1980). Numerous courts have held that "commercial speech that is misleading, fraudulent or related to illegal activity" is not protected by the First Amendment. Pragovich, 2008 WL 2692125, at *3; see also Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc., 425 U.S. 748, 771-72 (1976). The IRS alleges that Pragovich's commercial speech was intended to prompt his customers to assert frivolous tax protestation arguments. As such, his communications would be considered unprotected false commercial speech. See Pragovich v. Internal Revenue Serv., No. 08-50, Doc. 18 at 4 (M.D. Fla. July 14, 2008) (finding that Pragovich's commercial activities were unprotected "false commercial speech"). Absent proof from Pragovich that his business-related communications

were protected, the court cannot conclude that he has met his burden to prove that enforcement of the third-party summonses would infringe his First Amendment rights.  See Pragovich, 2008 WL 2692125, at *3 ("Pragovich's reliance on broad and general legal statements about the right to petition offers no insight into the particular type of commercial speech that is presented here.").

In sum, the IRS has established a *prima facie* case in favor of enforcement of the summonses, which Pragovich has failed to rebut.  Accordingly, the court will deny Pragovich's petition to quash and will grant the IRS's counter-petition to enforce.  An appropriate order will issue.

                                           /s/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge

Dated:       July 24, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE K. PRAGOVICH**, | : CIVIL ACTION NO. 1:08-MC-0104 |
| **Petitioner** | : (Judge Conner) |
| v. | : |
| **INTERNAL REVENUE SERVICE, JOSEPH CONROY**, and **SAM ANDERSON**, | : |
| **Respondents** | : |

## ORDER

AND NOW, this 24th day of July, 2008, upon consideration of the petition to quash third-party summonses (Doc. 1), filed by petitioner George K. Pragovich, and of the counter-petition to enforce third-party summonses (Doc. 7), filed by respondents the Internal Revenue Service, Joseph Conroy, and Sam Anderson, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition to quash (Doc. 1), filed by petitioner George K. Pragovich, is DENIED.

2. The counter-petition to enforce (Doc. 7), filed by respondents the Internal Revenue Service, Joseph Conroy, and Sam Anderson, is GRANTED.

3. Robert W. and Mary H. Rhodes are directed to comply fully with the third-party summonses issued by the Internal Revenue Service. Compliance is to occur at a place and time to be determined by any authorized officer of the Internal Revenue Service.

4.       The Clerk of Court is directed to CLOSE this case.


    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge